Argued Feb. 2, decided April 13, 1909; rehearing denied May 17, 1910.

## HARRINGTON *v.* WARNER VALLEY STOCK CO.

[101 Pac. 189.]

From Lake:   HENRY L. BENSON, Judge.

Statement by MR. JUSTICE SLATER.

Plaintiff, Jerry Harrington, filed his cross-bill in equity to an action of ejectment, brought by the defendant, the Warner Valley Stock Company, a corporation, to recover the possession of the N. ½ of the S. W. ¼, and lots 3 and 4 of section 35, township 39, S., range 24 E., W. M., in Lake County. The pleadings and the facts upon which this case is based, excepting as hereinafter stated, are

substantially the same as the pleadings and facts stated
in the case of *Morrow* v. *Warner Valley Stock Co.,* 56 Or.
312 (101 Pac. 171), with which this case was consoli-
dated by stipulation of the parties for the purpose of trial
in the lower court and in this court.   The decree awarded
the land to the defendant, and dismissed the bill, from
which decree the plaintiff has appealed.      REVERSED.

For appellants there was a brief over the names of
*Mr. Andrew M. Crawford, Mr. John H. Hall* and *Mr.
Edward B. Watson,* with oral arguments by *Mr. Craw-
ford* and *Mr. Watson.*

For respondents there was a brief over the names of
*Messrs. Coovert & Stapleton* and *Mr. Charles A. Cogswell,*
with an oral argument by *Mr. Elmer E. Coovert.*

MR. JUSTICE SLATER delivered the opinion of the court.

The material facts relating to the plaintiff's settlement,
entry, and residence upon the land in controversy were
shown by the introduction in evidence of a stipulation, or
admissions, made by the defendant, to which no objection
appears to have been made, from which it appears that
plaintiff made settlement in December, 1894, intending in
good faith to acquire title to the land under the homestead
law, that he was then in every respect qualified to claim
and acquire title thereto under the homestead law; that
from the date of his settlement he was in continuous pos-
session of the premises, claiming the same as a homestead
and cultivating the same in full compliance with the
requirements of the homestead law, until January 16,
1895, when he filed his homestead application for the land,
in the United States Land Office at Lakeview, Oregon,
and made entry thereof, receiving his certificate or receipt
and that thereafter he continuously resided upon, culti-
vated, and improved the land as a homestead, in full com-
pliance with the law, for more than five consecutive years,
and then duly applied to said United States Land Office to

make final proof of such residence and cultivation, and to receive his final homestead certificate entitling him to a patent, and offered to produce his witnesses, and make such final proof and to pay all fees or charges required or allowed by law therefor, but such application was refused and rejected by the register and receiver on account of some claim or assertion of some right by the State of Oregon to the land as swamp land.

The legal principles announced and the conclusions reached by us in the case of *Morrow* v. *Warner Valley Stock Company*, 56 Or. 312 (101 Pac. 171), are conclusive here. The decree of the lower court will therefore be reversed, and one entered here adjudging plaintiff to be the owner of the equitable title to the land described, that defendant holds the legal title thereto subject to plaintiff's equity, and that it be required to convey the same to plaintiff by proper deed, executed by its officers, within 90 days from the date of the filing of the mandate in the court below, and that in default thereof the decree shall stand as and for a conveyance.

Further prosecution of the defendant's action in ejectment is perpetually enjoined.        REVERSED.